Glenn R. Kantor – State Bar No. 122643
 E-mail: gkantor@kantorlaw.net
Corinne Chandler - State Bar No. 111423
 E-mail: cchandler@kantorlaw.net
Andrew M. Kantor – State Bar No. 303093
 E-mail: akantor@kantorlaw.net
KANTOR & KANTOR, LLP
19839 Nordhoff Street
Northridge, California, 91324
Telephone: (818) 886-2525
Facsimile: (818) 350-6272

Attorneys for Plaintiffs,
MARTIN GUERRA

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN GUERRA,<br><br>                    Plaintiffs,<br><br>        v.<br><br>HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY AND GROUP LONG TERM DISABILITY PLAN FOR EMPLOYEES OF AON CORPORATION,<br><br>                    Defendants. | Case No.:<br><br>**COMPLAINT FOR BREACH OF THE EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974; ENFORCEMENT AND CLARIFICATION OF RIGHTS; BREACH OF FIDUCIARY DUTIES AND DEMAND FOR PREJUDGMENT AND POST JUDGMENT INTEREST AND ATTORNEYS' FEES AND COSTS** |

        Plaintiff Martin Guerra herein sets forth the allegations of his Complaint against Hartford Life and Accident Insurance Company (hereinafter sometimes referred to as "defendant"):

## JURISDICTIONAL AND VENUE ALLEGATIONS

1.      Plaintiff brings this action for declaratory and monetary relief pursuant to §§502(a)(1)(B) and 502(a)(3) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§1132(a), (e), (f) and (g), as it involves a claim by Plaintiff for employee benefits under an employee benefit plan regulated and governed by ERISA.  Jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331 as this action involves a federal question.

2.      This action is brought for the purpose of recovering benefits under the terms of an employee benefit plan, enforcing Plaintiff's rights under the terms of an employee benefit plan, and to clarify Plaintiff's rights to future benefits under an employee benefit plan. Plaintiff seeks relief, including but not limited to, payment of benefits, prejudgment and post-judgment interest, reinstatement to the benefit plans at issue herein, and attorneys' fees and costs.

3.      Plaintiff was at all times relevant an employee of AON Corporation and resident in the County of Los Angeles, State of California.

4.      Plaintiff is informed and believes that defendant, Hartford Life and Accident Insurance Company (hereinafter "Hartford"), is a corporation with its principal place of business in the State of Connecticut, authorized to transact and transacting business in the Central District of California and can be found in the Central District of California.

5.      Plaintiff is informed and believes that AON Corporation insured its LTD plan in whole or in part via the purchase of a long-term disability insurance policy through Hartford. Hartford is the insurer of all or some portion of benefits under the Group Long Term Disability Plan for employees of AON Corporation ("the LTD Plan"). Hartford administered the claim, interpreted Plan terms, and issued a claim denial, all while operating under a conflict of interest; and the bias this created adversely affected the claims determination.

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

6.      Plaintiff is informed and believes that AON Corporation ("AON") insured its LTD plan through Hartford.

7.      Plaintiff is informed and believes that Hartford identifies the group long term disability policy it issues to AON Corporation as Policy Number GLT675566. Plaintiff is informed and believes that the Policy was intended by AON Corporation and Hartford to insure citizens of the State of California, including plaintiff herein, Martin Guerra.

8.      Plaintiff is informed and believes that the Policy was in effect after January 1, 2012. The policy had a contract year from January 1, 2012 to December 31, 2012.

9.      The Policy was renewed after December 31, 2012.

10.     Plaintiff is informed and believes that the Policy had an anniversary date after January 1, 2012.

11.     At some or all relevant times, Defendant was a fiduciary of the LTD Plan within the meaning of ERISA §3(21), 29 U.S.C. §1001(21), in that Hartford acted as claims fiduciary for the LTD Plan, and exercised authority and control over the payment of long-term disability benefits, which are assets of the LTD Plan. Hartford is also the "appropriate named fiduciary" of the LTD Plan as described in 29 C.F.R. §2560.503(h)(1).

12.     Defendants operate and, at all relevant times, have done business in this judicial district, in that they cover participants who reside in this judicial district. Thus, venue is proper in this judicial district pursuant to 29 U.S.C. § 1132(e)(2).

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

# FIRST CAUSE OF ACTION
## AGAINST HARTFORD LIFE INSURANCE COMPANY AND
## THE GROUP LONG TERM DISABILITY PLAN
## FOR EMPLOYEES OF AON CORPORATION
## FOR PLAN BENEFITS, ENFORCEMENT AND CLARIFICATION
## OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST,
## AND ATTORNEYS' FEES AND COSTS
## (29 U.S.C. § 1132(a)(1)(B))

13.    Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

14.    At all times relevant, Plaintiff was employed by AON Corporation, and was a covered participant under the terms and conditions of the LTD Plan. The AON Corporation LTD plan was insured by Defendant Hartford, and Hartford was also the Plan claims administrator and made all decisions to pay or deny benefit claims.

15.    During the course of Plaintiff's employment, Plaintiff became entitled to benefits under the terms and conditions of the LTD Plan.  Specifically, while Plaintiff was covered under the LTD Plan, Plaintiff suffered a disability rendering Plaintiff disabled as defined under the terms of the LTD Plan.

16.    Pursuant to the terms of the LTD Plan, Plaintiff made a claim to Hartford for LTD benefits under the LTD Plan.  Specifically, while Plaintiff was covered under the LTD Plan, Plaintiff suffered a disability rendering Plaintiff disabled as defined under the terms of the LTD Plan. Plaintiff's medical leave resulting from his disabling condition commenced on or about August 1, 2006 and became eligible for LTD benefits on or about January 30, 2007. Mr. Guerra's was paid LTD benefits under the policy until his claim for benefits was initially denied by Hartford on or about January 12, 2017.

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

17.     Plaintiff appealed the denial in a timely manner. On or about June 27, 2017, Hartford rendered its decision on appeal, upholding the original denial of benefits. Plaintiff has exhausted his administrative remedies under the Plan.

18.     Hartford and the Plan have breached the LTD Plan and violated ERISA in the following respects:

(a)     Failing to pay LTD benefit payments to Plaintiff at a time when Hartford and the Plan knew, or should have known, that Plaintiff was entitled to those benefits under the terms of the LTD Plan, as Plaintiff was disabled and unable to work and therefore entitled to benefits.  Even though Hartford and the Plan had such knowledge, Hartford denied Plaintiff's LTD benefits;

(b)     Failing to provide a prompt and reasonable explanation of the basis relied on under the terms of the LTD Plan documents, in relation to the applicable facts and LTD Plan provisions, for the denial of Plaintiff's claim for LTD benefits;

(c)     After Plaintiff's claim was denied in whole or in part, Hartford failed to adequately describe to Plaintiff any additional material or information necessary for Plaintiff to perfect his claim along with an explanation of why such material is or was necessary;

(d)     Failing to properly and adequately investigate the merits of Plaintiff's disability claim and failing to provide a full and fair review of Plaintiff's claim by informing Plaintiff that Defendant would allow Plaintiff to review and rebut Defendant's peer review report prior to the final denial, and failing to do so; and

(e)     Failing to provide and adhere to a "reasonable claims practice" under 29 C.F.R. 2560-503-1.

19.     Plaintiff is informed and believes and thereon alleges that Defendant wrongfully denied Plaintiff his disability benefits under the LTD Plan by other acts or omissions of which Plaintiff is presently unaware, but which may be discovered

1   in this future litigation and which Plaintiff will immediately make Defendant aware

2   of once said acts or omissions are discovered by Plaintiff.

3       20.    Following the denial of benefits under the LTD Plan, Plaintiff exhausted

4   all administrative remedies required under ERISA, and Plaintiff has performed all

5   duties and obligations on Plaintiff's part to be performed under the LTD Plan.

6       21.    As a proximate result of the aforementioned wrongful conduct of

7   Hartford, Plaintiff has damages for loss of disability benefits in a total sum to be

8   shown at the time of trial.

9       22.    As a further direct and proximate result of this improper determination

10  regarding Plaintiff's LTD claim, Plaintiff, in pursuing this action, has been required

11  to incur attorneys' costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), Plaintiff is

12  entitled to have such fees and costs paid by Defendant.

13      23.    The wrongful conduct of Hartford has created uncertainty where none

14  should exist. Therefore, Plaintiff is entitled to enforce his rights under the terms of

15  the LTD Plan and to clarify his right to future benefits under the terms of the LTD

16  Plan.

17  **ALTERNATIVE SECOND CLAIM FOR RELIEF**

18  **AGAINST HARTFORD INSURANCE COMPANY FOR BREACH OF**

19  **FIDUCIARY DUTIES AND INJUNCTIVE RELIEF, SURCHARGE, PRE-**

20  **JUDGMENT AND POSTJUDGMENT INTEREST, AND**

21  **ATTORNEYS' FEES AND COSTS**

22  **(29 U.S.C. § 1132(a)(3)**

23      24.    Plaintiff incorporates by reference all preceding paragraphs as though

24  fully set forth herein.

25      25.    At all times relevant hereto, Hartford was an ERISA fiduciary, who owed

26  plaintiff a "higher than marketplace" duty to perform a "full and fair review" on

27  Plaintiff's claim.

28

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

26.     Plaintiff is informed and believes that a requirement of a "full and fair review" in the Ninth Circuit is to allow the Plaintiff to review and rebut any substantive documents which are generated on appeal. *See, Salomaa v. Honda Long Term Disability Plan, 642 F.3d 666 (9th Cir. 2011). See also* Department of Labor Regulatory Rules and Regulations regarding Claims Procedure for Plans Providing Disability Benefits, *29 CFR Part 2560 RIN 1210-AB39, Federal Register Vol. 81, No. 243 December 19, 2016.*

27.     On May 4, 2017, Plaintiff submitted his administrative appeal to Hartford.

28.     The administrative appeal stated, in part:

> To the extent that Hartford determines, during the course of the appeal, it wishes to consult or retain additional consultants, reviewers or vendors not identified in the original file provided to Mr. Guerra, particularly insofar as they may relate to any new evidence or information, we request the opportunity to comment on any reports by said vendors or physicians prior to the ultimate decision on appeal.

29.     On May 23, 2017, Hartford responded to Plaintiff's appeal letter and request to review the aforementioned documents. (See Exhibit A) Hartford stated, in part:

> You also request that you be given the opportunity to comment on any independent medical reviews that supplements your client's claim file during the appeal process. While we agree that your client is entitled to a full and fair review, the ongoing exchanges of information during the appeal review process could cause unnecessary delays which may prevent us from reaching an appeal decision within the timeframes allotted under ERISA. Please be advised that our process is in full compliance with Department of Labor current regulations.

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

Unfortunately, we are unable to consider your request; however, we will provide such information upon written request.

30.    On June 1, 2017, plaintiff's counsel, Andrew Kantor, Esq. responded to Hartford's letter. (See Exhibit B) Mr. Kantor explained the error in Hartford's logic, pointing out that: a) Ninth Circuit law has determined that a full and fair review includes the opportunity to review and rebut reports generated on appeal, b) while Department of Labor Regulations cited in the appeal letter are not effective until 2018, those regulations codify what the Department of Labor believes to be common law at this time, and refusal to follow them constitutes a breach of Hartford's fiduciary duty to Mr. Guerra, and c) Mr. Guerra would waive any ERISA requirements for Hartford to make a claim determination during the time in which the aforementioned documents were being reviewed.

31.    Hartford responded on June 5, 2017, and stated "Please be aware that should the decision to terminate your client's benefits be maintained on appeal, the Hartford will provide any information developed during the appeal review upon written request." (See Exhibit C)

32.    As Plaintiff had already provided Hartford with two written requests for said information, Plaintiff's counsel believed this to mean that Hartford would comply with its fiduciary duty to Mr. Guerra, and provide Kantor & Kantor with an opportunity to rebut any adverse documents generated on appeal.

33.    On July 5, 2017, Kantor & Kantor received a final denial letter of Mr. Guerra's appeal.

34.    In breach of its fiduciary duty to plaintiff, Hartford did not supply Kantor & Kantor with the adverse medical peer review generated on appeal.

35.    On July 6, 2017, Andrew Kantor requested that, per Hartford's prior correspondence, Hartford provide plaintiff's attorneys with a copy of the peer review

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

report generated on appeal, and allow Mr. Guerra to provide a rebuttal. (See Exhibit D).

36.     On July 21, 2017, plaintiff's attorney received a letter from Hartford stating that Hartford would not review any additional information submitted by Plaintiff, confirming the finality of its denial letter. (See Exhibit E).

37.     Defendant breached its fiduciary duties in failing to allow Plaintiff to review and rebut documents generated on appeal prior to the final denial of his appeal. Defendant also breached its fiduciary duty by suggesting that it would comply with Plaintiff's request for said information, and subsequently failing to do so.

38.     As a result of Defendant's breach of fiduciary duties, Plaintiff has been harmed by being prevented from providing Hartford with potentially vital information in regard to his appeal, in the amount of benefits found due and owing under the terms of the Plan.  In refusing to provide plaintiff with adverse medical reports generated on appeal, prior to its final decision on appeal, Hartford has deprived plaintiff of his right to full and fair review as guaranteed by ERISA.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff prays for relief against Defendants as follows:

1.     Payment of disability benefits due Plaintiff up to and including the date of Judgment;

2.     An order declaring that Plaintiff is entitled to immediate payment of all past due benefits, reinstatement to the LTD Plan, with all ancillary benefits to which he is entitled by virtue of his disability, and that benefits are to continue to be paid under the LTD Plan for so long as Plaintiff remains disabled under the terms of the LTD Plan;

3.     In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to Hartford, while preserving plaintiff's right to submit additional evidence on appeal.

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

4.     Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

5.     Payment of prejudgment and post-judgment interest as allowed for under ERISA; and

6.     Such other and further relief as this Court deems just and proper.

DATED: August 1, 2017                    KANTOR & KANTOR, LLP


By:    /s/ Andrew M. Kantor
       Andrew M. Kantor
       Attorneys for Plaintiff
       MARTIN GUERRA

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

# EXHIBIT A

RECEIVED
**MAY 3 0 2017**
BY:



**THE HARTFORD**

May 23, 2017

Glenn R. Kantor, Esq
Kantor & Kantor
19839 Nordhoff Street
Northridge, CA 91324

| | |
|---|---|
| Policy Holder: | Aon Corporation |
| Claimant: | Martin M. Guerra |
| Insured ID: | 9002921071 |
| Policy Number: | GLT675566 |

Dear Attorney Kantor:

This letter is in reference to your appeal of your client's claim for Long Term Disability (LTD) benefits. I have been assigned to review your appeal. Please retain this letter in your records as my contact information can be located below.

An appeal decision will be made as soon as possible, and should be made within 45 days of the date we receive your complete appeal. If there are special circumstances that prevent the decision from being made in that time, the evaluation period can be extended by an additional 45 days. We will notify you if an extension is necessary. We will inform you in the event the review cannot be completed for any reason.

In your May 4, 2017 appeal letter you request that we review a Life Insurance Waiver of Premium claim if such a claim has been made and denied. Your client does not have a Life Insurance Waiver of Premium claim with The Hartford.

You also request that you be given the opportunity to comment on any independent medical reviews that supplements your client's claim file during the appeal process. While we agree that your client is entitled to a full and fair review, the ongoing exchanges of information during the appeal review process could cause unnecessary delays which may prevent us from reaching an appeal decision within the timeframes allotted under ERISA. Please be advised that our process is in full compliance with Department of Labor current regulations. Unfortunately, we are unable to consider your request; however, we will provide such information upon written request.

The Hartford Appeal Unit
PO Box 14304
Lexington, KY 40512-4304
Fax (877) 905 - 0246

If you have any questions, please contact me at (407) 562-3440. My office hours are Monday through Friday, between 8:30 AM - 5:00 PM ET.

Sincerely,

*Nancy R. Hyndman*

Nancy R. Hyndman, Appeal Specialist
Hartford Life and Accident Insurance Co.

# EXHIBIT B

# ─── FAX TRANSMISSION ───

To:
From:
Subject:    Martin Guerra; Insured ID: 9002921071

**Message:**    Ms. Hyndman,
Please see attached letter regarding our request to review and rebut documents.

Andrew M. Kantor

**Mildred Schwam**

| | |
|---|---|
| **From:** | 18779050246 <"18779050246"@faxmaker.com> |
| **Sent:** | Thursday, June 01, 2017 3:10 PM |
| **To:** | Mildred Schwam |
| **Subject:** | Success: Martin Guerra; Insured ID: 9002921071 (Fax sent to 918779050246) [::resend=s0866fdb1] |
| **Attachments:** | 20170601_150726_00011.pdf |

Sent Fax Report                                                       6/1/2017 3:09:27 PM

Success: Martin Guerra; Insured ID: 9002921071 (Fax sent to 918779050246)

| | |
|---|---|
| Sender | Mildred Schwam |
| Sender email | MSchwam@kantorlaw.net |
| Job status | Sent |
| Line speed | 14400 bps |
| Total connection time | 01:54 |
| Transmitted pages | 3 (Total: 3) |
| Resolution | Fine |
| Remote fax ID | |
| Line number | 0 |
| Number of retries | 0 |
| Additional information | Fax sent successfully : Success |

Original Message Text

Ms. Hyndman,

Please see attached letter regarding our request to review and rebut documents.


Andrew M. Kantor

1

**KANTOR & KANTOR** LLP

19839 NORDHOFF STREET ▪ NORTHRIDGE ▪ CA 91324

TEL (818) 886-2525 ▪ FAX (818) 350-6272
WWW.KANTORLAW.NET

Andrew M. Kantor
akantor@kantorlaw.net

June 1, 2017

*Via Fax (877) 905-0246 and Certified Mail*
Nancy R. Hyndman
Appeal Specialist
The Hartford
P.O. Box 14304
Lexington, KY 40512-4304

      RE:    Policy Holder:    Aon Corporation
               Claimant:        Martin M. Guerra
               Insured ID:       9002921071
               Policy Number:   GLT675566

Dear Ms. Hyndman:

    Our office is in receipt of your May 23, 2017 letter. In this letter, you state:

    "While we agree that your client is entitled to a full and fair review, the ongoing
exchanges of information during the appeal review process could cause
unnecessary delays which may prevent us from reaching an appeal decision
within the timeframes allotted under ERISA. Please be advised that our process is
in full compliance with Department of Labor current regulations. Unfortunately,
we are unable to consider your request; however, we will provide such
information upon written request."

    First, you are indeed correct that the Department of Labor regulations cited in our appeal
letter, which require Hartford to comply with our request to review and rebut documents
generated during the appeal review, do not go into effect until January 1, 2018. However, the
comments to the updated regulations state that they are a mere codification what insurers should
already be doing in order to provide a full and fair review. Additionally, the Ninth Circuit law
cited in our appeal letter restates the requirements of the regulations. As Mr. Guerra is located
within the perview of the Ninth Circuit Court of Appeals, those cases do create a binding
requirement on Hartford to allow Mr. Guerra to review and rebut any documents generated on
appeal prior to a final denial of Mr. Guerra's claim.

    Further, Hartford indisputably has a duty to act as a claim fiduciary toward Mr. Guerra.
Hartford's decision to refuse to comply with regulations which help Mr. Guerra because they
have not yet gone into effect is not within the spirit of that fiduciary duty.

*Hartford Life Insurance Company of America*
*Re: Martin Guerra*
*June 1, 2017*
*Page 2*

        Hartford's assertion that "the ongoing exchanges of information may prevent us from reaching an appeal decision with the timeframes allotted under ERISA" is completely false, as Mr. Guerra would agree to toll the time Hartford has to make its decision on appeal while information is in the process of being exchanged. Just as Hartford can extend the timeframe required by ERISA for claimant's benefit[1], claimants can do the same for Hartford and we guarantee that we will do so if given the opportunity to review and rebut reports generated on appeal. As such, this is not a legitimate reason to deprive Mr. Guerra of his rights under Department of Labor regulations and Ninth Circuit law.

        Finally, Hartford states that "unfortunately, we are unable to consider your request; however, we will provide such information upon written request." This sentence is contradictory and ambiguous. If Hartford is indeed willing to provide us with the requested documents upon written request, please confirm that with our office.

        Please contact me directly if you have any questions or would like to discuss the aforementioned.

                           Very truly yours,

                           Andrew M. Kantor

---

[1] For example, Hartford can allow a claimant more than 180 days to submit his or her administrative appeal.

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®.*

OFFICIAL USE

Certified Mail Fee
$ *guerra*                                          6·1·17

Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)              $ _____
☐ Return Receipt (electronic)            $ _____          Postmark
☐ Certified Mail Restricted Delivery     $ _____          Here
☐ Adult Signature Required               $ _____
☐ Adult Signature Restricted Delivery    $ _____

Postage
$

Total Postage and Fees
$

Sent To
*Nancy Hyndman: Hartford*
Street and Apt. No., or PO Box No.
*P.O. Box 14304*
City, State, ZIP+4®
*Lexington, KY*

7015 0640 0001 7094 7948

PS Form 3800, April 2015 PSN 7530-02-000-9047          See Reverse for Instructions

---

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X _____ ☐ Agent ☐ Addressee<br>B. Received by *(Printed Name)*    C. Date of Delivery |
| 1. Article Addressed to:<br>*Nancy Hyndman*<br>*Hartford*<br>*P.O. Box 14304*<br>*Lexington, KY 40512* | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No<br><br>LEXINGTON KY MPO  JUN 6 17  USPS |
| ‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖<br>9590 9402 2687 6351 2038 05 | 3. Service Type<br>☐ Adult Signature<br>☐ Adult Signature Restricted Delivery<br>☑ Certified Mail®<br>☐ Certified Mail Restricted Delivery<br>☐ Collect on Delivery<br>☐ Collect on Delivery Restricted Delivery<br>☐ Insured Mail<br>☐ Insured Mail Restricted Delivery (over $500) | ☐ Priority Mail Express®<br>☐ Registered Mail™<br>☐ Registered Mail Restricted Delivery<br>☐ Return Receipt for Merchandise<br>☐ Signature Confirmation™<br>☐ Signature Confirmation Restricted Delivery |
| 2. Article Number *(Transfer from service label)*<br>7015 0640 0001 7094 7948 | |

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt

# EXHIBIT C

JUN 1 5 2017



THE
HARTFORD

000781 2/2

June 5, 2017

Andrew M. Kantor
Kantor & Kantor
19839 Nordhoff Street
Northridge, CA 91324

| Policy Holder: | Aon Corporation |
|---|---|
| Claimant: | Martin M. Guerra |
| Insured ID: | 9002921071 |
| Policy Number: | GLT675566 |

Dear Attorney Kantor:

This letter concerns the above referenced Long Term Disability claim. As you are aware, we are currently considering an appeal of our decision as requested by your letter which was received by The Hartford on May 17, 2017.

We have received your June 1, 2017 letter concerning the request for information generated as part of our appeal review. Please be aware that should the decision to terminate your client's benefits be maintained on appeal, The Hartford will provide any information developed during the appeal review upon written request.

If you have any questions, please contact me at (407) 562-3440. My office hours are Monday through Friday, between 8:30 AM - 5:00 PM ET.

Sincerely,

*Nancy R. Hyndman*

Nancy R. Hyndman, Appeal Specialist
Hartford Life and Accident Insurance Co.



The Hartford Appeal Unit
PO Box 14304
Lexington, KY 40512-4304
Fax (877) 905 - 0246

Claim ID: 12743713

# EXHIBIT D

# ─── FAX TRANSMISSION ───

To:
From:
Subject:      Martin Guerra

**Message:**      Ms. Hyndman,
Attached is our letter regarding the denial of Mr. Guerra's long term disability
claim.

Andrew M. Kantor

**Mildred Schwam**

| | |
|---|---|
| **From:** | 18779050246 <"18779050246"@faxmaker.com> |
| **Sent:** | Thursday, July 06, 2017 1:56 PM |
| **To:** | Mildred Schwam |
| **Subject:** | Success: Martin Guerra (Fax sent to 918779050246) [::resend=s21e3c9c4] |
| **Attachments:** | 20170706_135419_00003.pdf |

Sent Fax Report                                                7/6/2017 1:56:16 PM

Success: Martin Guerra (Fax sent to 918779050246)

| | |
|---|---|
| Sender | Mildred Schwam |
| Sender email | MSchwam@kantorlaw.net |
| Job status | Sent |
| Line speed | 14400 bps |
| Total connection time | 01:52 |
| Transmitted pages | 3 (Total: 3) |
| Resolution | Fine |
| Remote fax ID | |
| Line number | 0 |
| Number of retries | 0 |
| Additional information | Fax sent successfully : Success |

Original Message Text

Ms. Hyndman,

Attached is our letter regarding the denial of Mr. Guerra's long term disability claim.

Andrew M. Kantor

1

# KANTOR & KANTOR LLP

19839 NORDHOFF STREET ▪ NORTHRIDGE ▪ CA 91324

TEL (818) 886-2525 ▪ FAX (818) 350-6272

WWW.KANTORLAW.NET

Andrew M. Kantor
akantor@kantorlaw.net

July 6, 2017

***Via Fax (877) 905-0246***
***and Certified Mail***
Nancy R. Hyndman
Appeal Specialist
The Hartford
P.O. Box 14304
Lexington, KY 40512-4304

|     |     |     |
| --- | --- | --- |
| RE: | Policy Holder: | Aon Corporation |
|     | Claimant: | Martin M. Guerra |
|     | Insured ID: | 9002921071 |
|     | Policy Number: | GLT675566 |

Dear Ms. Hyndman:

Our office is in receipt of your June 27, 2017 upholding your denial of Mr. Guerra's long term disability benefits.

As you may recall, on May 23, 2017, Hartford sent this office a letter stating, in part:

You also request that you be given the opportunity to comment on any independent medical reviews that supplements your client's claim file during the appeal process. While we agree that your client is entitled to a full and fair review, the ongoing exchanges of information during the appeal review process could cause unnecessary delays which may prevent us from reaching an appeal decision within the timeframes allotted under ERISA. Please be advised that our process is in full compliance with Department of Labor current regulations. Unfortunately, we are unable to consider your request; however, we will provide such information upon written request.

In response, this office sent Hartford a letter on June 1, 2017, pointing out the fact that 1) Ninth Circuit law creates a binding requirement on Hartford to allow Mr. Guerra to review and rebut any documents generated on appeal prior to a final denial of Mr. Guerra's claim, 2) Hartford would not be acting as a claims fiduciary if it refused to comply with DOL regulations which help Mr. Guerra merely because those regulations have not gone into effect, especially in light of the fact that the regulations themselves state that they are a codification of what it believes to be the current law, and 3) Hartford's assertion that "the ongoing exchanges of information may prevent [you] from reaching an appeal decision within the timeframes allotted under ERISA" is false, as Mr. Guerra would agree to toll the time Hartford has to make its decision on appeal while information is in the process of being explained. We also asked

*The Hartford*
*Re: Martin Guerra*
*July 6, 2017*
*Page 2*

Hartford to clarify whether Hartford would provide us with the peer review reports prior to the final denial of Mr. Guerra's claim.

As a result of that letter, Hartford stated on June 5 that "should the decision to terminate your client's benefits be maintained on appeal, The Hartford will provide any information developed during the appeal review upon written request." Since we had already put in a written request for documents generated during the appeal review in the appeal letter, and again in our June 1 letter, this office expected to receive a copy of the peer review report prior to the final denial.

Unfortunately, Hartford denied Mr. Guerra's claim without allowing Mr. Guerra to review and rebut the peer review report, despite the communications above. As such, we request that Hartford provide this office with a copy of the peer review report performed during Mr. Guerra's peer review, and thirty days from date of receipt to provide a response.

Very truly yours,

Andrew M. Kantor, Esq.

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

Certified Mail Fee
$ _Guerra_                              7·6·17

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)          $ _____
☐ Return Receipt (electronic)        $ _____      Postmark
☐ Certified Mail Restricted Delivery $ _____      Here
☐ Adult Signature Required           $ _____
☐ Adult Signature Restricted Delivery $ _____

Postage
$
Total Postage and Fees
$

Sent To
_Nancy Hyndman · Hartford_
Street and Apt. No., or PO Box No.
_P.O. Box 14304_
City, State, ZIP+4®
_Lexington, KY 40512_

7015 0640 0001 7094 8204

PS Form 3800, April 2015 PSN 7530-02-000-9047        See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

_Nancy Hyndman_
_Hartford_
_P.O. Box 14304_
_Lexington, KY 40512_

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖
9590 9402 2687 6351 2040 24

2. Article Number (Transfer from service label)
7015 0640 0001 7094 8204

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent
                          ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Adult Signature                    ☐ Priority Mail Express®
☐ Adult Signature Restricted Delivery ☐ Registered Mail™
☒ Certified Mail®                    ☐ Registered Mail Restricted Delivery
☐ Certified Mail Restricted Delivery ☒ Return Receipt for Merchandise
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery ☐ Signature Confirmation™
☐ Insured Mail                       ☐ Signature Confirmation Restricted Delivery
☐ Insured Mail Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053        Domestic Return Receipt

# EXHIBIT E



JUL 2 1 2017

THE HARTFORD

July 12, 2017

Andrew M. Kantor
Kantor & Kantor
19839 Nordhoff Street
Northridge, CA  91324

Policy Holder:     Aon Corporation
Claimant:          Martin M. Guerra
Insured ID:        9002921071
Policy Number:     GLT675566

Dear Attorney Kantor:

Enclose is a copy of the Independent Medical Review that was obtained during the review of your appeal as requested in your July 6, 2017 letter. A copy was to be enclosed with the June 28, 2017 appeal determination letter. I apologize for the oversight.

The Hartford's final appeal decision was made on June 28, 2017.  That decision was based on a complete and final administrative record.  Therefore, the administrative remedies provided by ERISA and the plan have been exhausted.  There are no provisions for additional appeals or re-opening the administrative record after a final appeal decision.  Additional information submitted will not be reviewed by The Hartford.

If you have any questions, please contact me at (407) 562-3440. My office hours are Monday through Friday, between 8:30 AM - 5:00 PM ET.

Sincerely,

*Nancy R. Hyndman*

Nancy R. Hyndman, Appeal Specialist
Hartford Life and Accident Insurance Co.

Enc. Guerra Independent Medical Review *

The Hartford Appeal Unit
PO Box 14304
Lexington, KY 40512-4304
Fax (877) 905 - 0246